**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DAVID MARTIN PRICE,**

       **Petitioner,**

   v.               **CASE NO. 09-3172-CM**

**STATE OF KANSAS, ex rel.**
**STEVEN SIX, Attorney General,**

       **Respondent.**

**MEMORANDUM AND ORDER**

   This matter comes before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. The court has examined respondent's Answer and Return (Doc. 6) and petitioner's traverse (Doc. 10) and enters the following order.

**Background**

   Petitioner is incarcerated pursuant to the judgment of the Kansas Supreme Court, which found him in both direct contempt for failing to appear for a hearing and in indirect contempt for failing to cease the unauthorized practice of law.[1]

   The history of this matter began in December 2007, when the Kansas Supreme Court determined, in an original quo warranto action, that petitioner had engaged in the unauthorized practice of law. *State of Kansas ex rel. Paul Morrison v. Price*, 172 P.3d 561 (Kan. 2007). The court

---

[1] Petitioner has served the five-day sentence assessed for direct contempt and is now serving an indefinite sentence for indirect contempt. This order addresses only his confinement for indirect contempt.

issued a permanent injunction ordering the petitioner to refrain from several specified acts unless he was representing himself, stating:

> [Petitioner] is now and, unless duly licensed as a member of the state bar, ever after prohibited from appearing in any Kansas legal proceeding in a representative capacity for another; from taking any action intended to assist nonmembers of the state bar of Kansas in the presentation of any legal matter; from preparing or aiding in the filing of any pleading or legal document in a Kansas controversy or legal proceeding, except when doing so solely on his own behalf; and/or from counseling or advising any nonmember of the state bar on any legal matter whatsoever. *Id*. at p. 566.

In July 2008, however, petitioner mailed a demand letter on behalf of a third party to the Kansas Attorney General and the Kansas State Board of Technical Professions (Doc. 6, Ex. A). In September 2008, he submitted a demand letter to the Mayetta City Council and Mayetta Planning Commission on behalf of a third party (Ex. B). Finally, in September 2008, he sent a letter to counsel for the City of Mayetta, in which he stated he would be representing the Mayetta Christian Church and Eldon Ray "as an advocate in the City Administrative matters." (Ex. C, p. 1.)

On December 1, 2008, the State of Kansas filed a quo warranto motion in the Kansas Supreme Court concerning petitioner's failure to comply with the permanent injunction entered in December 2007. That matter was dismissed based upon technical error. In June 2009, the State of Kansas filed a second motion in quo warranto seeking an order to show cause directing petitioner to explain why he should not be held in contempt of court.

Petitioner attempted to remove the matter to federal court, but the court remanded the matter to the Kansas Supreme Court. *Kansas ex rel. Six v. Price*, 2009 WL 1808403 (D. Kan. 2009). The Kansas Supreme Court held a hearing on July 20, 2009. Despite having been personally served, petitioner failed to appear, and the Kansas Supreme Court issued a bench warrant for his arrest and an order directing him to appear on August 4, 2009.

Following the hearing on August 4, 2009, at which petitioner appeared, the Kansas Supreme

Court found him in direct contempt due to his failure to appear on July 20, 2009, and in indirect contempt due to his failure to comply with the permanent injunction.

Petitioner filed the present action for habeas corpus on August 5, 2009. On the same day, the Honorable Sam A. Crow of this court entered an order refusing to disturb the order that petitioner report to serve five days in the Shawnee County Jail for direct contempt. Judge Crow also directed a response on the finding of indirect contempt.[2]

## Discussion

The writ of habeas corpus provides a remedy for unlawful confinement obtained in violation of the United States Constitution, federal laws, or treaties. *See e.g., Mabry v. Johnson*, 467 U.S. 504, 507 (1984); *Pulley v. Harris,* 465 U.S. 37, 41 (1984).

However, a federal court will not conduct habeas corpus review to ensure that a state court properly interpreted or applied its own law. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)("[F]ederal habeas corpus relief does not lie for errors of state law.")(quotation omitted).

Petitioner challenges the decision of the Kansas Supreme Court finding him in contempt after his failure to comply with its order enjoining him from activities associated with the unauthorized practice of law.

Where a contempt ruling imposes imprisonment conditioned upon compliance with an order of the court, the contempt is considered civil rather than criminal. *Shillitani v. United States,* 384 U.S. 364, 368-69 (1966). "When the petitioners carry 'the keys of their prison in their own pockets,' *In re Nevitt*, 117 F. 448, 461 (8th Cir.1902), the action 'is essentially a civil remedy designed for the benefit of other parties and has quite properly been exercised for centuries to secure compliance with judicial decrees.'" *Shillitani,* 384 U.S. at 368 (quoting *Green v. United States,* 356 U.S. 165, 197 (1958)

---

[2] Judge Crow recused himself by a minute order entered on August 11, 2009.

(Black, J., dissenting)).

The courts have the inherent authority to enforce their orders through civil contempt. *Shillitani*, 384 U.S. at 370 (citing *United States v. United Mine Workers*, 330 U.S. 258, 330-332 (1947)(Black and Douglas, JJ., concurring in part and dissenting in part). Thus, the contempt finding is a matter within the exclusive province of the state court, and this court will not examine such a determination in habeas corpus.

Likewise, the underlying decision concerning the petitioner's unauthorized practice of law clearly is a matter within the province of the states:

> Since the founding of the Republic, the licensing and regulation of lawyers has been left exclusively to the States and the District of Columbia within their respective jurisdictions. The States prescribe the qualifications for admission to practice and the standards of professional conduct. They also are responsible for the discipline of lawyers. *Leis v. Flynt*, 439 U.S. 438, 442 (1979).

Thus, to the extent the petition may be read to challenge the decision of the Kansas Supreme Court that petitioner's advocacy on behalf of third parties constitutes the unauthorized practice of law, the claim is a matter of state law not cognizable on federal habeas corpus review. *Estelle*, 502 U.S. at 67-68.

Civil contempt proceedings are subject to due process considerations, and the potential contemnor must be afforded notice and a hearing, unless the contempt occurs in open court and civil contempt sanctions are imposed immediately. *U.S. v. McVeigh*, 896 F.Supp. 1549, 1554 (W.D. Okla. 1995)(citation omitted).

The record in this matter shows petitioner received notice and two opportunities for a hearing. He appeared at the second hearing and was able to present his position to the Kansas Supreme Court. The record clearly demonstrates he received adequate due process.

## Conclusion

Petitioner's claims challenging the decisions of the Kansas Supreme Court enjoining him from

4

the unauthorized practice of law and finding him in contempt for his failure to comply are matters not reviewable in habeas corpus. The state court proceedings afforded petitioner due process, and he is not entitled to habeas corpus relief.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed and all relief is denied.

IT IS FURTHER ORDERED that petitioner's Request for Immediate Hearing On Habeas Corpus Action (Doc. 11) is denied as moot.

Copies of this Memorandum and Order shall be transmitted to the parties.

**IT IS SO ORDERED**.

DATED: This 18th day of August, 2009, at Kansas City, Kansas.

s/ Carlos Murguia
CARLOS MURGUIA
U.S. District Judge